UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| Plaintiff, | § § | |
| v. | § § | CRIMINAL NO. 3:17-CR-0672-B-1 |
| TONY THORN, | § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Tony Thorn's Motion for Compassionate Release (Doc. 53). For the reasons that follow, the motion is **DENIED WITHOUT PREJUDICE**.

### I.

### BACKGROUND

Tony Thorn pleaded guilty to one count of using a communication facility to facilitate a drug felony. Doc. 47, J., 1. On December 20, 2018, he was sentenced to forty-eight months in prison and one year of supervised release. *Id.* at 2–3. He is currently fifty-seven years old with a statutory release date of April 25, 2021.[1] Thorn is held at the Bureau of Prisons (BOP)'s Federal Correction Institution (FCI) Loretto in Pennsylvania. Doc. 53, Def.'s Mot., 1. As of August 7, 2020, FCI Loretto has thirty-nine cases of COVID-19 among its inmates and seven among the prison staff.[2]

---

[1] The Court accessed Thorn's inmate information from the inmate locator information found at the BOP's website, https://www.bop.gov/inmateloc/.

[2] The Court accessed BOP coronavirus statistics at the BOP website, https://www.bop.gov/coronavirus/.

Thorn seeks a reduction in sentence based on extraordinary and compelling circumstances warranting early release. *See* Doc. 53, Def.'s Mot., 1. In support of his request, Thorn invokes the Court's authority under 18 U.S.C. § 3582(c).[3] He notes numerous health issues, stating he is overweight with "major back problems" and he "suffer[s] from liver problems some call 'Liver Disease.'" Doc. 53, Def.'s Mot., 1. Thorn emphasizes that with his health issues, "if [he catches] COVID-19 here in [an] overcrowded prison, [his] sentence may turn into a death sentence." *Id.* In the motion, Thorn included health records from January 31, 2020, which show he suffers from previous cases of hepatitis, hepatomegaly, fatty liver, gall stones, and heart issues. *Id.* at 3, 6. He also attaches evidence indicating that he has lower back pain due to spinal issues. *Id.* at 4–5.

Thorn initially submitted his request for compassionate release to the warden of FCI Loretto on June 11, 2020, and the warden denied the request on June 18, 2020. *Id.* at 2. On July 10, 2020, the Clerk of Court filed Thorn's motion for compassionate release with the Court. *Id.* at 1. For the reasons set forth below, the Court **DENIES** Thorn's motion **WITHOUT PREJUDICE**.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the

---

[3] In the original motion, Thorn requests relief under 28 U.S.C. § 3582(a), which does not exist. *See* Doc. 53, Def.'s Mot., 1. Due to the language in the motion, the Court will assume that Thorn intends to bring a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).

factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting § 3582(c)(1)(A)(i)). The Court's decision must also be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A).

Section 3582(c)(1)(A)'s exhaustion requirement generally "foreclos[es] compassionate release" where the "BOP has not had thirty days to consider [the defendant's] request to move for compassionate release on his behalf" or if "there has been no adverse decision by [the] BOP for [the defendant] to administratively exhaust within that time period." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *see, e.g.*, *United States v. Orellana*, 2020 WL 1853797, at *1 (S.D. Tex. Apr. 10, 2020). Nonetheless, some "courts have concluded that [the exhaustion] requirement is not absolute and that it can be waived by the government or by the court, therefore justifying an exception in the unique circumstances of the COVID-19 pandemic." *Valentine v. Collier*, 956 F.3d 797, 807 (5th Cir. 2020) (Higginson, J., concurring) (per curiam) (citations omitted).

## III.

## ANALYSIS

The Court finds that Thorn has not exhausted his administrative remedies at the BOP. And even assuming he had, § 3582 does not warrant a sentencing reduction or compassionate release based on the merits of Thorn's motion.

A.   *Thorn Has Failed to Satisfy the Exhaustion Requirement.*

Thorn has not exhausted his administrative remedies as required under § 3582(c)(1)(A). Section 3582 allows this Court to reduce a defendant's sentence only after he has "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring motion on the defendant's behalf

or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . . ." § 3582(c)(1)(A).

In this case, Thorn did not exhaust all administrative rights of appeal. The warden's denial states that Thorn "may appeal through the Administrative Remedy Program," but Thorn has not submitted any proof of appealing through the BOP remedy program. *See* Doc. 53, Def.'s Mot., 2. Further, Thorn's appeal was filed by the Clerk of Court on July 10, 2020—only twenty-nine days after his initial submission to the warden on June 11, 2020. *See id.* at 1–2.[4] Thus, Thorn has not exhausted all administrative rights of appeal, and thirty days have not lapsed from the warden's receipt of his request.[5]

Due to Thorn's failure to meet the exhaustion requirement under § 3582(c)(1)(A), the Court **DENIES** Thorn's motion for compassionate release **WITHOUT PREJUDICE** to re-filing upon exhaustion of all administrative appeals or a thirty-day lapse from the warden's receipt of his request.[6]

---

[4] In his motion, Thorn requests the Clerk of Court to "give to [the Court] on July 11 for the 30 day exhaustion." Doc. 53, Def.'s Mot., 8. However, local rules state that the "Time Deemed Filed" for any motions "that [are] filed on paper before the clerk's office is scheduled to close on any day will be deemed filed on that day." N.D. Tex. Local Crim. R. 45.1. Therefore, the clerk's office is required to file Thorn's request and stamp it "filed" on the date of receipt—the office is unable to defer filing motions until the end of the exhaustion period. *See id.*

[5] The Court has recently clarified its interpretation of the thirty-day prong of the exhaustion requirement. *See* Order at 4–12, *United States v. Ezukanma*, No. 3:15-cr-0254-B-1 (N.D. Tex. Aug. 7, 2020), ECF No. 513. In sum, based on the plain text of § 3582(c)(1)(A), the Court concludes that to comply with the statute's exhaustion requirement, a defendant may show that thirty days have passed since the warden's receipt of his compassionate-release request—irrespective of a denial. *See id.* at 12.

[6] The Court recognizes that some district courts have recognized a judicially created exception to the exhaustion requirement under specific circumstances. *See United States v. Jackson*, 2020 WL 3455131, at *2 (N.D. Tex. June 5, 2020), *adopted by* 2020 WL 3452284 (N.D. Tex. June 24, 2020) (explaining the split between district courts on whether the exhaustion requirement may be waived). But the Court need not consider the propriety of such an exception here, because as explained in the Court's discussion of the merits of Thorn's motion, Thorn has not shown extraordinary and compelling reasons for release.

B.   *Regardless of Exhaustion of Administrative Remedies, Thorn's Motion Fails to Provide Extraordinary and Compelling Reasons Warranting Compassionate Release.*

Apart from the requirement to exhaust administrative remedies, Thorn has not shown "extraordinary and compelling reasons" justifying compassionate release. *See* § 3582(c)(1)(A). The relevant policy statement—U.S.S.G. § 1B1.13(1)(A)—elaborates on circumstances that are extraordinary and compelling, including an inmate's medical condition, age, and familial status. *See* U.S.S.G. § 1B1.13(1)(A) & cmt. 1. In addition, the defendant must not pose a danger to the community. *See* U.S.S.G. § 1B1.13(2). However, since the enactment of the First Step Act, district courts in the Fifth Circuit have held that § 1B1.13 is no longer binding. *See, e.g.*, *United States v. Gonzales*, 2019 WL 5102742, at *2–3 (W.D. Tex. Oct. 10, 2019); *United States v. Lee*, 2020 US Dist. LEXIS 101815, at *10–11 (N.D. Tex. Apr. 23, 2020). These courts "consider[] the terms of U.S.S.G. § 1B1.13 while exercising [their] discretion to determine whether the defendant presents an extraordinary and compelling reason for compassionate release." *United States v. Heitman*, 2020 WL 3163188, at *3 (N.D. Tex. June 12, 2020) (citing *Lee*, 2020 U.S. Dist. LEXIS 101815, at *10–11). The Court will do the same here.

Here, Thorn states his "deteriorating health makes [him] an inmate most at danger of contracting the coronavirus." Doc. 53. Def.'s Mot., 1. He claims his liver problems, back issues, and obesity all contribute to the dangers of catching COVID-19 in the "overcrowded prison." *Id.* However, the health conditions of Thorn and the overall COVID-19 pandemic do not rise to extraordinary and compelling reasons for compassionate release required under § 3582(c)(1)(A)(i).

The general circumstances of the COVID-19 pandemic do not form a basis for compassionate release. *See* § 3582(c)(1)(A). The Court recognizes the unprecedented nature of COVID-19 and

understands Thorn's fear of contracting the virus. Nevertheless, incarcerated individuals nationwide face Thorn's same circumstances. Thus, general statistics related to COVID-19 fail to demonstrate extraordinary reasons specific to Thorn. *See United States v. Delgado*, 2020 WL 2542624, at *3 (N.D. Tex. May 19, 2020) (noting that "the Court must consider every prisoner individually and should be cautious about making blanket pronouncements"). "[T]he mere existence of COVID-19 in society . . . cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *Raia*, 954 F.3d at 597 (citation omitted).

The Court does not discount that Thorn's conditions place him at risk of serious illness should he contract COVID-19. Thorn provided evidence of gall stones, a prior hepatitis infection, hepatomegaly, fatty liver disease, and heart-related issues from January 31, 2020. Doc. 53, Def.'s Mot., 3, 6. In addition, Thorn has provided medical records relating to his back issues with "pain radiating to lower extremities." *Id.* at 4. However, these general health issues—in the absence of a large COVID-19 outbreak at Thorn's facility—do not rise to the level of extraordinary and compelling. *Cf. Lee*, 2020 US Dist. LEXIS 101815, at *11 ("Lee's older age and, moreover, his preexisting medical conditions . . . and his *recent hospitalization . . . combined with the rapid spread of COVID-19 at FCI Oakdale*, persuade the Court that he 'presents an extraordinary and compelling reason for compassionate release . . . .'") (emphasis added).

Without minimizing the seriousness of the COVID-19 pandemic, Thorn is held at FCI Loretto, which has forty-six active COVID-19 cases at this time. *See supra* at 1. Thus, with only general health issues and a moderate COVID-19 prevalence at FCI Loretto, Thorn's individual circumstances do not rise to the level of extraordinary and compelling reasons warranting

compassionate release.

Should Thorn re-file his motion on the basis that his health conditions have worsened, the safety measures at FCI Loretto are ineffective, or that COVID-19 cases at FCI Loretto have spread, the Court may have to re-evaluate whether Thorn's individual conditions reach the level of extraordinary and compelling. But as Thorn's motion now stands, the Court finds that Thorn has failed to show extraordinary and compelling reasons.

In addition, before granting compassionate release, § 3582 requires the Court to consider the factors set forth in § 3553(a). *See* § 3582(c)(1)(A); *Lee*, 2020 U.S. Dist. LEXIS 101815, at *5–6. Section 3553 advises the Court to consider the defendant's threat to the community. *See* § 3553(a)(2)(c). Also included are other factors to consider, such as "the nature and circumstances of the offense," "the history and characteristics of the defendant," and "the need for the sentence imposed[.]" *See* § 3553(a). Because Thorn has not exhausted all administrative remedies or shown extraordinary and compelling reasons for compassionate release, the Court declines to analyze these factors at this time.

In sum, the Court **DENIES** Thorn's motion **WITHOUT PREJUDICE**, because he has not shown "extraordinary and compelling reasons" for compassionate release. *See* § 3582(c)(1)(A).

## IV.

## CONCLUSION

To the extent Thorn requests compassionate release under § 3582(c)(1)(A), he has not exhausted his administrative remedies. Assuming he had satisfied the exhaustion requirement, Thorn lacks extraordinary and compelling reasons for compassionate release at this time. For these reasons, the Court **DENIES** Thorn's motion (Doc. 53) **WITHOUT PREJUDICE**.

By denying Thorn's motion without prejudice, the Court permits Thorn to file a subsequent motion for compassionate release in the event that he can establish: (1) that he has satisfied the exhaustion requirement of § 3582(c)(1)(A), and (2) that his circumstances rise to the level of extraordinary and compelling.

**SO ORDERED.**

**SIGNED: August 7, 2020.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE